# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**PAUL A. TURRIETA,**

     **Petitioner,**

**v.**                                        **No. 16 CV 395 JAP/KK**

**UNITED STATES OF AMERICA,**

     **Respondent.**

## MEMORANDUM OPINION AND ORDER

Petitioner Paul Turrieta (Petitioner) argues that his sentence was illegally enhanced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C § 924(e)(2)(B), and asks this Court to resentence him. *See* MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 4) (Motion). Petitioner contends that his prior convictions under New Mexico's residential burglary statute, NMSA 1978, Section 30-16-3(A) (1971), no longer qualify as violent felonies under the ACCA after the Supreme Court's decision in *United States v. Johnson*, 135 S. Ct. 2551 (2015), declared the residual clause of the ACCA unconstitutional. *See* REPLY TO RESPONSE TO MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 8) (Reply). The United States opposes the motion. *See* RESPONSE TO DEFENDANT TURRIETA'S MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 7) (Response). Because Petitioner's enhanced sentence did not depend on the residual clause of the ACCA, it is unaffected by *Johnson* and the Court will deny the § 2255 motion.

## I.       BACKGROUND

Petitioner was charged under 18 U.S.C § 922(g)(1) with a single count of being a felon in possession of a firearm and ammunition. Motion at 1; Response at 1. He pleaded guilty on October 27, 2014. Motion at 1. The parties entered into a plea agreement under Fed.R.Crim.P. 11(c)(1)(C), in which they agreed on a sentence of fifteen years. *Id.*

Although an offense under § 922(g)(1) is generally subject to a statutory maximum sentence of ten years, *see* 18 U.S.C § 924(a)(2), the ACCA will increase that penalty to a statutory minimum sentence of fifteen years if the offender has three prior convictions for a violent felony, a serious drug offense, or both, that were committed on different occasions. 18 U.S.C § 924(e)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another; or [] is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C § 924(e)(2)(B). Petitioner was deemed subject to the ACCA based on his three prior felony convictions under Section 30-16-3(A) for residential burglary in the State of New Mexico. Motion at 2, 4; Response at 1. Petitioner was sentenced to fifteen years' imprisonment on April 9, 2015. Motion at 2; Response at 1.

Shortly after Petitioner was sentenced, the Supreme Court held in *Johnson* that the residual clause of the ACCA, "conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague, so that its application to impose an increased sentence was a violation of due process. 135 S.Ct. 2551, 2557, 2563. *Johnson* applies retroactively to all cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), including this one.

## II.     DISCUSSION

Petitioner argues that his fifteen-year sentence is illegal because his three prior burglary convictions could have qualified as violent felonies within the definition of the ACCA only under the residual clause, meaning that Petitioner's increased sentence was a violation of due process under *Johnson*. Motion at 6. The United States counters that Petitioner's sentence is unaffected by *Johnson* because a burglary conviction under Section 30-16-3(A) is an offense enumerated as a violent felony under the ACCA. Response at 4.

To serve as predicate offenses for ACCA enhancement after *Johnson*, Petitioner's burglary convictions must have "as an element the use, attempted use, or threatened use of physical force against the person of another," § 924(e)(2)(B)(i), or must fit within the generic definition of the listed offense of burglary, § 924(e)(2)(B)(ii). *See Taylor v. United States*, 495 U.S. 575, 598 (1990) ("We believe that Congress meant by 'burglary' the generic sense in which the term is now used in the criminal codes of most States."). "[A] person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599. This inquiry ignores the facts of the defendant's conduct and considers only the legal definition of the crime. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016).

The New Mexico burglary statute states:

> Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.
> A. Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.

3

> B. Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

NMSA 1978, § 30-16-3 (1971). This statute does not contain an element of force, so Petitioner's convictions are violent felonies only if the statutory elements of his offense fit within the generic definition of burglary referred to in the ACCA. *Taylor*, 495 U.S. at 598. The statute as a whole is broader than the generic definition of burglary approved in *Taylor* because it criminalizes the unauthorized entry of vehicles, watercraft and aircraft. *See United States v. Ramon Silva*, 608 F.3d 663, 665 (10th Cir. 2010). But it is divisible into two separate crimes: Subsection (A), the burglary of a dwelling house; and Subsection (B), the burglary of a vehicle, watercraft, aircraft, or other structure. *See State v. Ervin*, 1981-NMCA-068, ¶ 3, 96 N.M. 366, 630 P.2d 765 ("Our burglary statute [] differentiates between residential burglary and burglary of other structures."). Petitioner states that the enhancement of his sentence under the ACCA was "premised on three residential burglary convictions." Motion at 2. The Court therefore concludes that Petitioner was convicted of burglary of a "dwelling house" under Section 30-16-3(A).[1] *See Mathis*, 136 S. Ct. at 2249 (statutes that list elements in the alternative create different offenses, and a court can inquire into which of those alternatives provided the basis for conviction); Response at 1 (asserting that Petitioner was convicted under Section 30-16-3(A); Reply at 2 (arguing for an expanded interpretation of "the New Mexico Burglary of a Dwelling Statute"). Whether a conviction under Subsection (A) qualifies as a violent felony under the ACCA depends on the breadth of New Mexico's definition of "dwelling house."

Petitioner argues that a "dwelling house" under Subsection (A) is still broader than the "building or structure" encompassed by the generic definition. Reply at 2. A "dwelling house" is

---

[1] Neither party has submitted documentation of Petitioner's prior convictions to the Court, but the United States described Petitioner as having been convicted under Section 30-16-3(A) and Petitioner does not dispute this.

not defined in New Mexico state statutes, but is defined by state court rules as "any structure, any part of which is customarily used as living quarters." UJI 14-1631 NMRA. Petitioner contends that a "structure" has been further defined under state law as any "enclosure similar to a vehicle, watercraft, aircraft, or dwelling." *See State v. Foulenfont*, 1995-NMCA-028, ¶ 11, 119 N.M. 788, 895 P.2d 1329. He asserts that these definitions would allow a vehicle to qualify as a "structure," so that the burglary of a vehicle that was being used as a residence could be charged under Section 30-16-3(A) as the burglary of a dwelling house—a broader application than the generic definition of burglary under *Taylor* would allow. Motion at 5.

But this interpretation is unsupported by New Mexico law. *Foulenfont* defined the statutory phrase "other structure" as used in Section 30-16-3(B) to determine whether it could be applied to the unlawful entry of a fenced-in area. *See Foulenfont*, 1995-NMCA-028, ¶ 12. The court looked first to the plain and ordinary meaning of "structure," which was defined as:

> Any construction, or any production or piece of work artificially built up or composed of parts joined together in some definite manner. That which is built or constructed; an edifice or building of any kind. A combination of materials to form a construction for occupancy, use or ornamentation whether installed on, above, or below the surface of a parcel of land.

*Id.* at ¶ 8 (quoting Black's Law Dictionary 1424 (6th ed. 1990)). Although this broad definition was applicable to a fence, the court further narrowed the meaning of "other structure" in Section 30-16-3(B) by interpreting it to require similarity to the particular spaces listed in the statute. *See id.* at ¶¶ 9–11 ("where general words follow an enumeration of persons or things of a particular and specific meaning, the general words are not construed in their widest extent but are instead construed as applying to persons or things of the same kind or class as those specifically mentioned."). The Supreme Court of New Mexico later approved this reasoning. *See State v. Office of Public Defender ex rel. Muqqddin*, 2012-NMSC-029, ¶¶ 29-31, 285 P.3d 622.

*Foulenfont* concluded that "the phrase 'other structure' in Section 30-16-3 . . . require[s] an enclosure similar to a vehicle, watercraft, aircraft, or dwelling," because "unlike a fence, all of the enumerated objects in the statute are capable of completely confining people and their property." *Foulenfont*, 1995-NMCA-028, ¶ 11.

Petitioner speculates that because *Foulenfont* said "other structure" may be similar to a vehicle, and New Mexico defines a "dwelling house" as a structure that is used as a residence, state law would consider a vehicle to be a dwelling house if it were used as a residence, thereby expanding the reach of Section 30-16-3(A) beyond that of the generic offense. Motion at 5. Certain states have taken the terms "building" or "structure" that were used in *Taylor* to describe generic burglary and defined them more broadly, with the consequence that convictions under those statutes do not qualify as violent felonies under the ACCA. *See, e.g.*, *Mathis*, 136 S. Ct. at 2250 (Iowa burglary statute [Iowa Code Section 713.1 prohibiting unlawful entry of an "occupied structure"] reaches more broadly than generic burglary because Iowa Code Section 702.12 defines "occupied structure" as "any building, structure, [or] land, water or air vehicle."). The Fifth Circuit has held that burglary statutes applicable to vehicles only if used as residences or habitations still describe the generic offense. *See United States v. Davis*, 339 F. App'x 359, 361 (5th Cir. 2009). But in the Fourth Circuit, burglary of a dwelling house is not a generic offense when state law defines "dwelling house" to include vehicles that are used as dwellings. *See United States v. White*, ___ F.3d ___, ___, 2016 WL 4717943, *7 (4th Cir. 2016).

This issue need not be resolved here because, contrary to Petitioner's assertions and unlike the cited cases, New Mexico has not defined "dwelling house" to include vehicles. *Foulenfont* defined only the phrase "other structure" as used in Section 30-16-3(B); it did not discuss the definition of "dwelling house" in Section 30-16-3(A) and it did not define the term

"structure" in that context. Only two New Mexico cases have addressed the meaning of "dwelling house." One determined that an unoccupied house was still a dwelling when "[t]here was no evidence that the occupant had abandoned the house or had no intention of returning." *See Ervin*, 1981-NMCA-068, ¶ 4. The other indirectly interpreted the phrase "dwelling house" when deciding whether criminal trespass, based on unlawfully entering the lands of another, was a lesser included offense of residential burglary. *See State v. Ruiz*, 1980-NMCA-123, ¶¶ 43–45, 94 N.M. 771, 617 P.2d 160, *superseded by statute on other grounds as stated in State v. McCormack*, 1984-NMCA-042, ¶ 12, 101 N.M. 349, 682 P.2d 742. The court noted, "The offense charged was burglary of a dwelling house; thus, we are not concerned with vehicles, watercraft or aircraft, or other structures." *Id.* ¶ 39. It went on to say,

> Burglary of a dwelling house requires entry of a dwelling house. Criminal trespass requires entry of "lands of another." The State seems to argue that such a burglary can be committed without entering upon the lands of another. We disagree. "Lands" . . . includes buildings and fixtures, and is synonymous with real property. When one enters another's dwelling house, under our burglary statute, one has entered lands of another. This reasoning, of course, would not apply if the burglary was of a vehicle, watercraft or aircraft.

*Id.* ¶ 45 (internal citation omitted). It concluded, "When one commits burglary of a dwelling house one also commits a criminal trespass based on that entry." *Id.* ¶ 50.

*Ruiz* suggests that a "dwelling house" under New Mexico law is limited to real property and would not include vehicles. Petitioner has not pointed to any case that would support a contrary interpretation.

> [T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime. To show that realistic probability, an offender . . . must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.

*Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). New Mexico courts have construed the term "structure" narrowly, *Muqqddin*, 2012-NMSC-029, ¶ 32, and the Court finds it unlikely that New Mexico would expand Section 30-16-3(A) to include vehicles as dwelling-house structures when Section 30-16-3(B) already specifically prohibits the unlawful entry of a vehicle. Nothing in New Mexico law suggests that Section 30-16-3(A) would criminalize conduct outside the reach of the generic burglary offense. Therefore, Petitioner is not entitled to relief on his § 2255 motion.

The Court determines, under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Petitioner has failed to make a substantial showing that he has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2). Accordingly, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 4) is DISMISSED with prejudice; a certificate of appealability is DENIED; and Final Judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE